IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**HUGHIE JOE MURPHY**                                                                           **PLAINTIFF**

v.                               Case No. 2:21-cv-00002 KGB

**WRIGHT MEDICAL TECHNOLOGY**
**INC.** *et al.*                                                                                **DEFENDANTS**

## ORDER

Before the Court is separate defendant Wright Medical Technology, Inc.'s ("WMT") partial motion to dismiss plaintiff Hughie Joe Murphy's complaint (Dkt. No. 12). Also before the Court is Mr. Murphy's unopposed motion for extension of time to respond to WMT's partial motion to dismiss (Dkt. No. 14). Mr. Murphy filed his response to WMT's partial motion to dismiss on April 21, 2021, within the time requested in his unopposed motion for extension of time (Dkt. No. 15). The Court grants Mr. Murphy's motion for extension of time to respond to WMT's partial motion to dismiss and considers timely his response (Dkt. No. 14). The Court also considers WMT's reply to Mr. Murphy's response (Dkt. No. 23). For the following reasons, the Court grants, in part, and denies, in part, WMT's partial motion to dismiss Mr. Murphy's complaint (Dkt. No. 12).

   **I.   Background**

Mr. Murphy filed a complaint against WMT and Wright Medical Group, Inc. ("WMG") claiming that he has been injured by an allegedly defective hip device designed, manufactured, distributed, and sold by WMT and/or WMG. Mr. Murphy later stipulated to the dismissal of all claims against WMG (Dkt. No. 4).

In his complaint, Mr. Murphy asserts that he was implanted with a "Wright Medical Profemur-Z modular hip system" on January 1, 2006, at St. Bernard's Medical Center in

Jonesboro, Arkansas (Dkt. No. 2, ¶ 10). He states that on November 14 and 15, 2019, he was forced to have a revision surgery at Baptist Health Medical Center in Conway, Arkansas, to replace the Wright Medical components which caused high cobalt levels (*Id*., ¶¶ 11-12, 15). Mr. Murphy contends that he had to endure another surgery after the revision (*Id*., ¶ 13). Mr. Murphy asserts that the "Profemur-Z modular devices are prone to micromovements that lead to fluid ingress into the bore, which lead to fretting and corrosion in the stem-neck junction, which in turn leads to metallosis and increased blood metal levels and, at times, fracture of the devices." (*Id*., ¶ 14).

In his complaint, Mr. Murphy seeks damages for: strict products liability—manufacturing defect (Count 1); strict products liability—failure to warn (Count 2); strict products liability—unreasonably dangerous design (Count 3); negligence (Count 4); breach of implied warranties (Count 5); breach of express warranty (Count 6); fraudulent misrepresentation (Count 7); fraudulent concealment (Count 8); negligent misrepresentation (Count 9); and short form complaint causes of action and damages (Count 10) (Dkt. No. 2).

In an Order dated January 26, 2021, the Court sought input from the parties on the issue of whether the case was appropriate for transfer into the multi-district litigation pending before the Court, *In Re: Profemur Hip Implant Products Liability Litigation*, Case No. 4:20-md-2949 (the "MDL") (Dkt. No. 6). The parties responded with a joint notice of opposition to the Court's Order (Dkt. No. 9). In the joint notice of opposition, the parties noted that "a review of the invoice for Plaintiff Murphy's surgery demonstrates that the modular neck component received [by Mr. Murphy] was made of titanium, not cobalt chromium" and "[b]ecause there is no allegation or evidence that Plaintiff Murphy's PROFEMUR® titanium neck fractured, and the matter does not involve a tissue reaction resulting from corrosion of a PROFEMUR® cobalt chromium modular

neck," the case falls outside of the MDL (*Id*., at 2). The Court agreed and entered an Order stating that the case is not appropriate for inclusion in the MDL (Dkt. No. 20).

## II. Partial Motion To Dismiss Plaintiff's Complaint

Before the Court is WMT's partial motion to dismiss portions of Mr. Murphy's complaint and strike portions of Mr. Murphy's complaint (Dkt. No. 12). Mr. Murphy has filed a timely response to WMT's partial motion to dismiss, which the Court has considered in ruling on this motion (Dkt. No. 15). The Court has also considered WMT's reply in support of its partial motion to dismiss Mr. Murphy's complaint in ruling on this motion (Dkt. No. 23).

### A. Legal Standard

#### 1. Motion To Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp*., 172 F.3d 623, 627 (8th Cir. 1999).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017). A reviewing court "may consider these materials without converting the defendant's request to a motion for summary judgment." *Roe*, 861 F.3d at 788 (citations and quotation marks omitted); *see Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) ("[W]hen considering a motion to dismiss . . . , [a court] may take judicial notice (for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents[.]" (alterations in original) (emphasis omitted)).

### 2. Motion To Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." An allegation contained in a pleading is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013) (internal quotations omitted). An allegation is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* While Rule 12(f) is understood to provide courts with "liberal discretion," the Eighth Circuit Court of Appeals has stated that "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

4

B.     Analysis

1.     Motion To Dismiss

a.     Breach Of Implied And Express Warranties (Counts 5 And 6)

WMT moves to dismiss Mr. Murphy's claims for breach of implied and express warranties for failure to provide pre-suit notice. WMT argues that Mr. Murphy has not pleaded any facts in his complaint that he provided WMT with any pre-suit notice of a breach of warranty, which is essential to a warranty claim in Arkansas (Dkt. No. 13, at 4). Under Arkansas law, where the plaintiff does not notify "within a reasonable time after he discovers or should have discovered any breach," he is "barred from any remedy." *Adams v. Wacaster Oil Co.*, 98 S.W. 3d 832 835 (Ark. 2003); *see also* Ark. Code Ann. § 4-2-607 ("Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . ."); *Howard v. Bayer Corp.*, Case No. 4:10-cv-1662-DPM, 2011 WL 13224118, at *2 (E.D. Ark. July 22, 2011) (pleading facts about pre-suit notice is essential to any warranty claim).

Mr. Murphy argues that the Court should not dismiss his claims for breach of implied and express warranties because WMT received sufficient pre-suit notice as required under Arkansas law because the "Defendant is involved in Multi-District Litigation for the same claims asserted by the Plaintiff." (Dkt. No. 16, at 4). Mr. Murphy, however, joined a notice of opposition to transferring his case to the MDL because he agreed that his case did not involve "allegations of failure of the Profemur Modular Femoral System" that are the subject of the MDL (Dkt. No. 9, at 1-2). Based in part on the parties' representation that Mr. Murphy's claims are not similar to those involved in the MDL, the Court entered an Order concluding that Mr. Murphy's case was not appropriate for inclusion in the MDL (Dkt. No. 20). Accordingly, because Mr. Murphy is not

involved in the MDL, the Court declines to find that the claims of others involved in the MDL served as notice for Mr. Murphy's claims.

Further as WMT points out in its reply in support of its motion to dismiss, any notice of breach of warranty that WMT received from a buyer other than Mr. Murphy would not meet the pre-suit notice requirement under Arkansas law for notice of Mr. Murphy's breach of warranty claims because Arkansas law requires that each buyer personally plead notice to the seller of a breach.  *See Boothe Farms, Inc. v. Dow Chem. Co.*, Case No. 3:19-CV-264-DPM, 2020 WL 5640067, at *1 (E.D. Ark. May 5, 2020) (dismissing express and implied warranty claims as insufficient where "Arkansas and Missouri farmers did not state that they had personally notified any Dow entity of the alleged damages caused by Loyant.").

The Court grants WMT's motion to dismiss Mr. Murphy's claims for breach of implied and express warranties for failure to plead pre-suit notice to WMT.

### b. Fraudulent Misrepresentation (Count 7)

WMT also contends that the Court should dismiss Mr. Murphy's claims for fraudulent misrepresentation because Mr. Murphy failed to plead with sufficient particularity as required by Federal Rule of Civil Procedure 9(b) (Dkt. No. 12, ¶ 2).  Mr. Murphy argues that the Court should not dismiss his claims for fraudulent misrepresentation because they were pled with particularity (Dkt. No. 16, at 4-6).

 To state a claim for fraud in Arkansas, the following elements must be well pled:  (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient information upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) resulting damage.  *Brennan v. Wadlow*, 270 S.W.3d 831, 834-35 (Ark. 2008).  Pursuant to Rule

9(b) of the Federal Rules of Civil Procedure, claims for fraud must be plead with particularity. A complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Complaints that fail to state the "who, what, where, when, and how of the alleged fraud" do not satisfy Rule 9(b)'s heightened pleading standard. *Id*.

Mr. Murphy alleges that WMT "falsely and fraudulently represented to the medical and health care community, and to the Plaintiff, Plaintiff's health care providers, and/or the FDA, that the Wright Hip System had been properly tested and was safe and effective for its indicated use," and "[t]he representations made by Defendants to the medical and health care community, and to Plaintiff, Plaintiff's health care providers, and/or the FDA, regarding the safety and performance of the Wright Hip System were, in fact, false." (Dkt. No. 2, ¶¶ 66-67). WMT argues that missing from Mr. Murphy's complaint are who made these representations, when they were made, where they were made, how the alleged misrepresentations were fraudulent, or what specific statements Mr. Murphy and/or his orthopedic surgeon relied upon (Dkt. No. 13, at 6-7).

In his response, Mr. Murphy cites the Court to an Arkansas Supreme Court case stating that a complaint "must include some facts regarding the alleged misrepresentation" and the defendant's intent to defraud (Dkt. No. 16, at 5 (citing *Harnes v. Cravens*, 966 S.W.2d 244, 247 (Ark. 1998)). Mr. Murphy argues that he sets forth specifics of the actions taken by WMT to defraud him. He states, "the fraud is specifically alleged and there are facts and circumstances constituting the fraud that were set forth in Plaintiff's complaint, even if Plaintiff did not specifically name every hospital or doctor involved with specificity in this particular Count." (Dkt. No. 16, at 5-6). WMT replies that the response highlights Mr. Murphy's failure to comply with

the requirement under Federal Rule of Civil Procedure 9(b) to plead the "who, what, when, where, and how" of the alleged fraud (Dkt. No. 17-1, at 5).

The Court finds that Mr. Murphy's fraudulent misrepresentation claims fail to satisfy the pleading requirements of Rule 9(b). The Court concludes the complaint insufficiently pleads the five elements of fraudulent misrepresentation to satisfy the controlling legal standard. In his complaint, Mr. Murphy does not state where the allegedly fraudulent misrepresentations were made, who made them, to whom they were made, or what statements were relied upon by Mr. Murphy or his orthopedic surgeon. Therefore, the Court grants WMT's motion to dismiss Mr. Murphy's claims for fraudulent misrepresentation.

### c. Fraudulent Concealment And Negligent Misrepresentation (Counts 8 And 9)

WMT maintains the Court must dismiss Mr. Murphy's claims for fraudulent concealment and negligent misrepresentation because Arkansas does not recognize these causes of action. In his response, Mr. Murphy agrees to dismiss voluntarily without prejudice his claims for fraudulent concealment and negligent misrepresentation because they are not recognized as independent causes of action in Arkansas (Dkt. No. 15, ¶ 3). Accordingly, based on Mr. Murphy's agreement to dismiss voluntarily without prejudice these claims, the Court denies as moot WMT's motion to dismiss Mr. Murphy's claims for fraudulent concealment and negligent misrepresentation.

### 2. Motion To Strike Short Form Complaint (Count 10)

WMT asserts that the Court must strike Mr. Murphy's short form complaint causes of action and damages ("short form complaint") because it is not a viable cause of action, is immaterial, and is redundant (Dkt. No. 13, at 9-10). WMT reasons that a short form complaint is typically filed by plaintiffs in multi-district litigation where the short form complaint incorporates causes of action from the master complaint, and it is not filed by plaintiffs in independent cases

(Dkt. No. 13, at 9). *See e.g. Sharp v. Ethicon, Inc.*, Case No. 2:20-cv-2028, 2020 WL 1434566, at *1 (W.D. Ark. Mar. 24, 2020); *In re Prempro Prod. Liab. Litig.*, Case No. 4:03-cv-1507-WRW, 2009 WL 358264, at *1 (E.D. Ark. Feb. 10, 2009). WMT contends that Mr. Murphy's "short form complaint causes of action and damages" count is improper because the case is not included in any multi-district litigation and because there is not a "master complaint" that makes a short form complaint appropriate (*Id.*). WMT further maintains that Mr. Murphy pleads no new allegations in this count of the complaint and fails to specify any cause of action to which he refers when he states that he is incorporating by reference all causes of action and claims for damages as may be authorized and "allowed by a 'Short Form Complaint' that may be authorized by stipulation of the Defendants, or an order of this Court," (Dkt. No. 2, ¶ 91). WMT asserts that by not alleging any new allegations in this count of the complaint, the count is redundant and improper, and the Court should strike it from the complaint with prejudice (Dkt. No. 13, at 10).

In his response to the partial motion to dismiss, Mr. Murphy agrees that short form complaints are typically filed in multi-district litigation where the complaint incorporates the causes of action from the master complaint (Dkt. No. 16, at 6). Mr. Murphy again states mistakenly that his case has been removed to the MDL and relies on this mistake of fact to argue that the Court should deny the motion to strike as an attempt by the WMT to delay litigation (*Id.*).

As WMT points out in its reply, the Court has concluded that Mr. Murphy's case is not appropriately included in the MDL, and so there is no "master complaint" to which the short-form complaint in Mr. Murphy's complaint refers (Dkt. No. 17-1, at 5-7). Accordingly, the Court grants WMT's motion to strike the short form complaint in Mr. Murphy's complaint (Dkt. No. 2).

9

### 3.     Motion To Strike Demand For Prejudgment Interest

WMT also seeks to strike Mr. Murphy's demand for an award for prejudgment interest arguing that he may not recover prejudgment interest because, under Arkansas law, prejudgment interest may only be awarded where the amount of damages is definitely ascertainable by mathematical computation; WMT contends that here Mr. Murphy's damages for things such as pain and suffering, loss of enjoyment of life, and others are not definitely ascertainable (Dkt. No. 13, at 10-11).  Mr. Murphy responds that he "requested in his Complaint all damages provided by law and those which he may be entitled to as not to waive his claim for any recoverable damages." (Dkt. No. 16, at 7).  He asserts that the Court should deny WMT's motion to strike because it is a delay tactic and because the allegations have a logical connection to the subject matter (*Id.*).  In reply, WMT again reiterates that, under Arkansas law, prejudgment interest is only awarded where "the amount of damages is definitely ascertainable by mathematical computation or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." (Dkt. No. 17-1, at 7) (citing *G & K Servs. Co. v. Bill's Super Foods, Inc.*, Case No. 3:08-cv-48-JJV, 2013 WL 2936791, at *1 (E.D. Ark. June 12, 2013 (citation omitted); *Wooten v. McClendon*, 612 S.W.2d 105, 106 (Ark. 1981)).  In both *G & K Servs. Co.* and *Wooten*, however, the courts had already conducted trials and were in a position to determine whether the amounts of damages sought by the plaintiffs were definitely ascertainable by mathematical computation based on the evidence presented at trial.  Here, the Court determines based on the record currently before it that it is too early in the case to determine whether Mr. Murphy's damages are definitely ascertainable by mathematical computation.  Accordingly, the Court denies WMT's motion to strike Mr. Murphy's claim for prejudgment interest at this early stage of the case.

### III. Conclusion

The Court adopts the parties' stipulation of dismissal of defendant WMG, which accords with the terms of Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. No. 4). All claims against WMG are hereby dismissed without prejudice.

The Court grants Mr. Murphy's unopposed motion for extension of time to respond to WMT's partial motion to dismiss Mr. Murphy's complaint and considers Mr. Murphy's timely response in ruling on WMT's partial motion to dismiss Mr. Murphy's complaint (Dkt. No. 14).

The Court adopts Mr. Murphy's voluntary dismissal of his claims for fraudulent concealment and negligent misrepresentation against WMT (Counts 8 and 9) (Dkt. No. 15, ¶ 3).

The Court grants, in part, and denies, in part, WMT's partial motion to dismiss Mr. Murphy's complaint (Dkt. No. 12). The Court grants WMT's motion to dismiss Mr. Murphy's claims for breach of implied and express warranties (Counts 5 and 6). The Court grants WMT's motion to dismiss Mr. Murphy's claims for fraudulent misrepresentation (Count 7). The Court denies as moot WMT's motion to dismiss Mr. Murphy's claims for fraudulent concealment and negligent misrepresentation (Counts 8 and 9). The Court grants WMT's motion to strike the short form complaint (Count 10). The Court denies WMT's motion to strike Mr. Murphy's claim for prejudgment interest.

So ordered this 29th day of March, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge